GEORGE T. PEARSON, Appellant, *v.* EMILY CHAPMAN, Appellee.

### APPEAL FROM COOK.

In an action of assumpsit for board and lodging, if the plea alleges that such board and lodging was a gratuity and received at special instance and request of plaintiff, a replication denying that the boarding and lodging was a gratuity, is sufficient; it is not necessary to negate the special instance and request.

If a party is presented with a bill, and admits it correct, but states that he has a bill on his part, against the claimant, which he wishes to have settled, the whole conversation may be left to the jury, to believe or reject what they think proper.

THIS was an action of assumpsit, brought by the appellee against the appellant.

The declaration contains five counts :

The first for the use of apartments, etc., meats, drinks, fuel, etc.

The second, for washing, mending, nursing and attendance.

Third, for money lent.

The fourth, for money collected as agent.

The fifth, indebitatus assumpsit, for boarding and lodging, washing and ironing, attendance in sickness, money loaned, goods and chattels, and money found to be due the plaintiff.

The defendant pleaded non-assumpsit; set-off; payment; accord and satisfaction.

To the first count the defendant pleaded specially, that prior to and at the time when he first commenced to use and occupy the premises, furniture, etc., and to eat the meats and drink the drinks, and to sit by the fire made from, by and out of the fuel furnished by the plaintiff, and during the whole period of his continuing to use and occupy the premises, furniture, etc., of the said plaintiff, and to eat the meat, and drink the drinks, and sit by the fire made by, from and out of the aforesaid fuel furnished by the plaintiff, he did so at the especial instance and request of the plaintiff, and for her accommodation, edification, entertainment and benefit ; and that said defendant, during the whole of said period that he used and occupied the premises and furniture of the said plaintiff, and ate the meat, and drank the drinks, or sat by the fire made from the fuel furnished and provided by the plaintiff, used, occupied, ate, drunk, and sat by said fire as a gratuity from the said plaintiff to the said defendant ; and that the said plaintiff, as a gratuity from her to said defendant, suffered, permitted and requested the said defendant to use and occupy said premises, furniture, etc., and as a gratuity furnished and provided the said defendant with meats, drinks and fuel, which the defendant ate, drank, and sat by the

fire made from said fuel, at the request of the said plaintiff, and for her benefit and behoof, and to the great loss of time, hazard and detriment of the health of the defendant; and this the defendant is ready to verify, etc.

To the second count the defendant pleaded specially, that said nursing of and attendance upon the said defendant, while he was sick as aforesaid, was done and performed by the said plaintiff at her own especial instance and request, and for her own especial gratification, pleasure and benefit, and as a gratuity from her to said defendant, and not at the instance or request, or for the gratification, pleasure or benefit of this defendant; and that said defendant suffered and permitted the said plaintiff to nurse him and attend upon him, inasmuch as such nursing and attendance afforded her gratification and was pleasing to her and of great benefit to her, and also inasmuch as the same was a gratuity and was to be done and performed by her without any charge to this defendant, and not for any benefit, gratification or pleasure which might possibly be derived by this defendant therefrom; and this the defendant is ready to verify, etc.

To the fifth plea the plaintiff replied, " that the board and lodging, etc., in said declaration mentioned, were not furnished at the special instance and request of the said plaintiff, but as in said declaration averred;" and concludes to the country.

To the sixth plea the plaintiff replied, " that the said nursing was done at the especial instance and request of the said defendant;" and concludes to the country.

The cause was tried before MANIERRE, Circuit Judge, and a jury, on the 28th day of December, 1857.

Before the offering of any evidence, the defendant, by leave of the court, withdrew his second, third and fourth pleas.

*Henry Winders* was introduced to prove admissions of the defendant, to which defendant objected. The witness then said, I married the daughter of the plaintiff. I have been in Chicago two years last August. Commenced visiting the plaintiff's house in November, 1855. Defendant was there then, and I saw him there down to November, 1856. I heard him acknowledge having fifty-six dollars borrowed of her by him at Niagara Falls.

The witness being shown a note, in the words and figures following:

" Due Mrs. Chapman, for money borrowed, one hundred dollars, to be returned in thirty days.

" Nov. 3, '56.                                    GEO. T. PEARSON.

" 30 days." ·

Said, the signature to this is in the hand-writing of the de-

fendant. I have seen him write and know his hand-writing. The note was then read in evidence.

The plaintiff now proposed to prove admissions made by the defendant to witness, to which the defendant objected, on the ground that if any such were made, they were made pending negotiations for a settlement.

Whereupon the court allowed the defendant to examine the witness as to the time, place and circumstances of the alleged admissions. And the witness thereupon testified: The plaintiff, and self, and wife, at the time, occupied rooms at the Revere House; defendant came there and spoke of settling a demand of his against Mrs. Chapman; I told him I had nothing to do with it; he must go to Mrs. Chapman's lawyer; but he would talk; we sat down at the table; we did not have any negotiations for a settlement; he did not deny Mrs. Chapman's account; he said that was all right; that he wanted to talk about his own account against Mrs. Chapman; he professed a desire to have all their matters settled.

Defendant thereupon objected to any evidence being offered as to said alleged admissions, because the same, if made, were made pending a negotiation for a settlement, which objection the court then and there overruled, to which decision the defendant excepted.

The witness then testified: The defendant, at such interview, admitted the board, washing and mending, as charged in the bill; also admitted nursing and attendance, and the money loaned, fifty-six dollars, in November, 1855. Also admitted had been paid one hundred dollars for Freer, and afterwards had obtained one hundred dollars out of plaintiff's money in his hands.

This conversation was in our rooms, at the Revere House. Defendant said would like to settle if he could; said so when he first came in; he looked at the plaintiff's account; he had no papers; did not see his bills; I showed him her bill (the bill in proof); we talked over items; said it was right; said he had a bill; I spoke to him about Freer—refreshed his recollection; said he recollected receiving it; he said he could not dispute the plaintiff's bill for nursing; whatever charges she made he would agree to; he admitted the board at five dollars per week.

He then proposed that we should examine his bill and agree upon it; I told him I would have nothing to do with it, because it was in court, and that I was not authorized to settle his claim against Mrs. Chapman; this was after he had looked over the bill of Mrs. Chapman; he then presented his bill for services, and I told him Mrs. Chapman would have nothing to do with it, and would leave that matter to the court; that she had trouble enough with him in trying to arrange their matters; that she would let the court settle it for them.

The defendant moved to strike out the evidence of witness, on the ground that it was not proof of an independent fact, but such admissions of a general character which a person would make who was honestly trying to treat for a settlement, and were made with a view and expectation that his own counter claim would be allowed.   The court overruled the motion, and the defendant excepted.

The cause was then submitted to the jury, who found for the plaintiff, and assessed the damages at $947.

The defendant then moved for a new trial, on the ground that the court erred in refusing to give the instructions asked by the defendant, and in allowing the plaintiff to prove the evidence objected to by the defendant; also on the ground that the verdict is contrary to law, contrary to evidence and excessive; and on the ground, also, of new discovered evidence.

Which motion the court overruled, and the defendant excepted.

The defendant then moved for judgment on the special pleas, notwithstanding the verdict, on the grounds that the matters averred therein were admitted by the replication, and the plaintiff not entitled to recover for the board, nursing, fuel, use of apartments, etc., and that the amount thereof should be deducted from the verdict.

Which motion the court denied, and the defendant's counsel duly excepted, and prayed an appeal, which was granted.

A. GARRISON, for Appellant.

M. W. FULLER, for Appellee.

BREESE, J.   Several objections are taken to the recovery in this case.   The first is the failure of the plaintiff, as is alleged, to deny by her replication the allegation in the defendant's plea that the board, lodging, etc., declared for, was given and received as a gratuity, and by not so denying it the allegation was admitted, and the judgment should have been for the defendant *non obstante veredicto.*

There is nothing in this objection.   The allegation in the plea that he boarded, lodged, etc., at the house of the plaintiff at her special instance and request and for her accommodation and benefit, is the main allegation of the plea, to be met by the replication.   The other allegation that the plaintiff as a gratuity from her to the defendant furnished and provided this board, etc., is but a corollary from the fact first stated that it was at her instance and request.   It was only necessary then, for the plaintiff to meet this fact and put it in issue by her replication,

which was properly done. That is the only material fact in the plea and presents a triable issue.

It is objected that the court allowed certain admissions of defendant made to one Winders to be given to the jury. Winders was acting as agent of the plaintiff to collect this claim, and presented a bill to defendant for payment. Defendant said it was right, and that he had a bill against the plaintiff which he wanted the witness to settle. This Winders refused, protesting that he had nothing to do with it, was not authorized to settle it—that he must see plaintiff's lawyer, and arrange the matter with him. From this it is contended, that defendant's admissions must be considered as admissions with a view to an amicable settlement of the differences between the parties, and by way of compromising those differences. They are nothing of the kind ; they are full and distinct admissions and are to go to the jury with the further statement of the defendant made at the time, that he also had a bill against the plaintiff. All that was said at that time must go to the jury, but they are not bound to believe it all. They are not bound to believe, that although the defendant had a bill against the plaintiff equal or greater in amount to her bill against him, that such bill was just. It is for the jury to consider under all the circumstances, how much of the whole statement they deem worthy of belief, including as well the facts asserted by the party in his own favor, as those making against him, and this is the whole extent of the rule. 1 Greenleaf Ev., section 201. There is nothing in Winder's testimony to show the parties were on a compromise. He was the agent of the plaintiff to collect her bill, and when he presented it, the defendant had the honesty not to deny it, and from all the testimony, it would seem the plaintiff had maintained the defendant, at her own expense, for several years, and has a just claim on him for remuneration.

The evidence fully sustains the finding, and the judgment is affirmed.

*Judgment affirmed.*